

March 29, 2022

VIA ECF
Hon. Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Application GRANTED. The parties shall file redacted sentencing submissions on or before September 30, 2022. The Clerk of Court is directed to terminate Doc. #380. SO ORDERED.

March 29, 2022

Re:  *United States v. Hensley Dupigny*, S1 18 Cr. 528 (JMF)

Dear Judge Furman:

    I represent Hensley Dupigny in the above-captioned matter and write to the Court concerning the December 17, 2021 Order allowing the case to remain under seal and the parties to file redacted sentencing submissions on or before March 31, 2022. ECF 379.  While the defense is prepared for the sentencing transcript to be available to the public, we respectfully request that this Court extend the period of time by which the government sentencing submission must be filed publicly for six-months.  While the government sentencing submission would, likely, be considered a "judicial document" that would be presumptively subject to public inspection, countervailing concerns warrant a limited extension of the time that material remains under seal. *See United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (even presumptively public judicial documents subject to balancing test).  Here, Mr. Dupigny is only recently released from custody and is still in the process of securing housing and resuming employment, both of which efforts could be meaningfully impaired by currently placing the summary of information contained in the government's submission on the public docket.  Further, the underlying information, is both, at this point, several years old and, also, available to any interested member of the public by accessing the trial transcript.  The government's submission here would serve only to summarize the full scope of trial evidence, but doing so does not advance the public's interest in the underlying proceedings.  Given that the information in the government's submission is both over two years old and could be available elsewhere, the limited extended time for sealing it is not a delay of any right of contemporary access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006).  The relatively brief extension of time before publicly docketing it will, however, serve to both facilitate Mr. Dupigny's reentry into society and the public's interest in his finding housing and work in this period of transition in his life.

March 29, 2022
Page 2

      I have asked the government for its position regarding this matter and they have advised me that they do not object to the request.

                                        Respectfully,

                                        /s/
                                      Megan W. Benett

cc: All counsel of record by ECF